# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1321V

| | | |
|---|---|---|
| LATOYA MCCOY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: May 6, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.

*Felicia Langel,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DENYING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 5, 2020, Latoya McCoy filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that she experienced left shoulder pain and/or adhesive capsulitis after receiving an influenza ("flu") vaccine on October 8, 2017. I dismissed the claim after briefing, determining that (a) no Table claim was tenable under the facts, and (b) Petitioner's symptoms likely predated vaccination. Decision, filed Oct. 15, 2024 (ECF No. 52) ("Dismissal Decision"), at 13–15. Petitioner did not appeal this dismissal.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. §§ 300aa.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, filed Mar. 12, 2025 (ECF No. 55) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $50,613.50 in attorney's fees and costs (reflecting $48,041.80 in fees, plus $2,571.70 in costs) for the work of attorney Mark T. Sadaka and paralegal Michele Curry. Mot. at 4, 10, 36. Respondent has challenged the Petition's reasonable basis. Response, dated Mar. 19, 2025 (ECF No. 56) ("Resp."). Petitioner responded to the opposition on March 26, 2025. Reply, dated Mar. 26, 2025 (ECF No. 57).

For the following reasons, I hereby **DENY** Petitioner's Motion for Attorney's Fees and Costs.

## ANALYSIS

**I.     Reasonable Basis Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their Vaccine Act claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at *22 reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S. Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition automatically receive an award of attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases—but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E.J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)).

deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.*, NO. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.*, 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345–46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.*, 159 Fed. Cl. 328, 333 (Fed. Cl. 2022) ("Cottingham II"), *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis existing when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira*, the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

## II.   The Parties' Arguments

Respondent asserts that Petitioner has failed to meet her burden of establishing a reasonable basis for her claim. Resp. at 7. Respondent argues that "Petitioner's inability to show a proximate temporal relationship between the October 8, 2017 flu vaccination and her alleged vaccine injury … is what prevents her from demonstrating more than a scintilla of evince to support her claim." *Id.* Moreover, Respondent maintains that Petitioner's "contemporaneous medical records clearly

---

"[T]he 'good faith' requirement … focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

and consistently show that [her] shoulder pain began months, if not years, before the flu vaccination." *Id.* (citing Ex. 2 at 3; Ex. 5 at 8, 17; Ex. 12 at 1).

In response, Petitioner argues that she and her counsel "clearly possessed more than a scintilla of objective evidence supporting a temporal relationship between [her] October 8, 2017, vaccination and the onset of her alleged shoulder injury." Reply at 5. Petitioner emphasizes her "well-documented history of traumatic brain injury and chronic, debilitating migraines"—noting such cognitive limitations "provide a medically plausible explanation for [Petitioner's] inconsistencies in [the] contemporaneous medical records regarding symptom onset." *Id.* Furthermore, Petitioner maintains that her filed affidavits and expert report are additional pieces of evidence that provide ample and objective support for the decision to file and pursue the claim in good faith. *Id.* at 6.

### III.     Lack of Reasonable Basis

The record in this case lacks objective evidence demonstrating that Petitioner's alleged shoulder injury occurred *after* vaccination—a critical element of any Program claim not alleging significant aggravation. As noted in my Decision, there is record evidence documenting Petitioner's "history of pain" and complaints of bilateral shoulder pain in the years leading up to Petitioner's receipt of the flu vaccine alleged to have caused her injury. Dismissal Decision at 13. Petitioner also identified a symptom onset that preceded her vaccination on several different occasions. *Id.* at 14; *see also* Ex. 5 at 5, 16–17; Ex. 2 at 3–4. Although Petitioner argues that her history of chronic and debilitating migraines is a likely plausible explanation for both the inconsistencies in her contemporaneous medical records and her delay in seeking treatment, I do not find such arguments persuasive enough to give any significant weight to in the context of determining whether the claim possessed a reasonable basis, since the records themselves clearly document a pre-vaccination onset. Similarly, Petitioner's witnesses statements—which were filed several years after receipt of vaccination—lack corroboration from the medical records and do not seek to rectify the inconsistencies regarding a pre-vaccination onset date.

Given the above, the claim was objectively untenable from the outset. And this is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not. In addition, I note that Petitioner's fees request documents the fact that counsel had ample time to review the records in advance of filing this case. Although this matter was initiated in October 2020, counsel first communicated with Petitioner in *May 2019*. *See* Ex. A (ECF No. 55-1) to Mot. at 1. Counsel thus had approximately *15 months* to analyze the record—and thus to be apprised of its objective factual deficiencies. Under such circumstances, counsel reasonably bears the risk of filing a claim that lacked reasonable basis, and therefore may be appropriately denied a fees award (even if the matter was otherwise pursued in good faith).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorneys' fees and costs to an unsuccessful litigant only where the litigant establishes the Petition was brought in good faith and there was a reasonable basis for the claim for which the Petition was brought. Section 15(e)(1). But Petitioner has failed to provide evidence establishing there was a reasonable bases for filing her claim. **Petitioner's Motion for Attorney's Fees and Costs is therefore DENIED**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.