IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LATOYA McCOY, | ) |
| Petitioner, | ) No. 20-1321 |
| v. | ) Filed: October 20, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) Re-issued: November 4, 2025* |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Latoya McCoy ("Petitioner") asks this Court to set aside the Chief Special Master's ruling denying an award of attorney's fees and costs following her unsuccessful petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* ("Vaccine Act"). According to Petitioner, an influenza ("flu") vaccine administered in October 2017 injured her left shoulder. The Chief Special Master found that Petitioner failed to establish a reasonable basis for her Vaccine Act claim and thus was not entitled to an award of attorney's fees and costs. In accordance with Rules 23 and 24 of the Vaccine Rules of the United States Court of Federal Claims ("Vaccine Rules"), Petitioner filed a Motion for Review in this Court, arguing that the Chief Special Master's decision was erroneous and unsupported by the law. After considering the arguments presented by the parties, the Court finds that the Chief Special Master properly applied the reasonable basis standard and did not abuse his discretion. Therefore, the Court **DENIES** Petitioner's Motion for Review.

---

* The Court issued this opinion under seal on October 20, 2025, and directed the parties to file any proposed redactions by November 3, 2025. As the parties do not propose any redactions, the Court reissues the opinion publicly in full.

## I. BACKGROUND

A.  **Petitioner's Medical History, Vaccination, and Symptoms**

On October 8, 2017, Petitioner received the flu vaccine in her left shoulder. *See* Pet. ¶ 2, ECF No. 1. Petitioner alleges that immediately following administration of the vaccine, she experienced pain and weakness in her left shoulder and arm. *See id.* ¶ 3; McCoy Decl. ¶¶ 5–6, ECF No. 9-1. Prior to this vaccination, Petitioner had reported bilateral shoulder pain twice: first in 2015 and again in 2016. Pet'r's Ex. 3, ECF No. 6-3.

Although there is no medical record documenting an immediate reaction to Petitioner's October 2017 flu vaccine, Petitioner's daughter and coworker both submitted statements declaring that Petitioner suffered pain in her left arm shortly after receiving the vaccine. *See* Mingo Decl., ECF No. 36-1; Edwards Decl., ECF No. 36-2. Petitioner also filed her own declaration stating that she first suffered pain in her left shoulder and arm one week after receiving the vaccine. ECF No. 9-1 ¶ 5.

The first time Petitioner reported left arm pain to a physician post-vaccination was when she visited her primary care provider approximately four months later, on February 1, 2018. *See* Pet'r's Ex. 5 at 16, ECF No. 6-5. At that appointment, she identified a "tender 'knot' in her upper left arm that had been present for about a year (meaning *before* vaccination)." Dec. Dismissing Pet. at 3, ECF No. 52 (emphasis in original) (citing ECF No. 6-5 at 16–17). Petitioner had previously visited a physician following her vaccination but did not mention left shoulder or arm pain at that appointment. *See* ECF No. 6-5 at 19. Petitioner claims that she delayed receiving medical care for her arm because she needed to focus on treating her severe migraines. McCoy Decl. ¶ 10, ECF No. 39-1.

Nearly one year later, on January 7, 2019, Petitioner went to urgent care complaining of "pain in her left arm after 'getting [a] flu vaccine *3 years ago*.'" ECF No. 52 at 3 (alteration in original) (emphasis added) (quoting Pet'r's Ex. 2 at 3–4, ECF No. 6-2). At that visit, Petitioner was diagnosed with bursitis and adhesive capsulitis. ECF No. 6-2 at 5. One week later, Petitioner again visited her primary care physician "and reported 'left arm pain and weakness for *at least two years*,' along with 'electric' pain in her left bicep since her October 2017 vaccination." ECF No. 52 at 3 (emphasis added) (quoting ECF No. 6-5 at 8–9). Due to continuing issues with her left shoulder, Petitioner visited an orthopedist on June 20, 2019, who ultimately diagnosed her with "[l]eft arm lateral deltoid pain, status post injection now 2 years out." Pet'r's Ex. 6 at 10–11, ECF No. 6-6. Petitioner underwent surgery and attended physical therapy to alleviate the issues in her left shoulder and arm. *Id.* at 52–53; Pet'r's Ex. 10, ECF No. 24-1; Pet'r's Ex. 11, ECF No. 29-1.

On May 14, 2024, Petitioner submitted an expert report from orthopedic surgeon Dr. Michael Katz. *See* Katz Report, ECF No. 48. In his report, Dr. Katz opined that Petitioner's October 2017 flu vaccine likely "caused the nascent and asymptomatic degenerative changes [in Petitioner's] left shoulder to become symptomatic and disabling." *Id.* at 7. According to Dr. Katz, the onset of Petitioner's symptoms combined with the sequence of events led him to believe that the flu vaccine caused Petitioner's left shoulder injury. *Id.*

B.   **Procedural History**

Petitioner filed a petition for compensation under the Vaccine Act on October 5, 2020. *See* ECF No. 1. In the Petition, she alleged that her October 2017 flu vaccine caused her left shoulder pain and injury. *See id.* ¶ 15. Petitioner's case was assigned to the Special Processing Unit on April 5, 2021. ECF No. 17. Although the case initially seemed likely to settle, *see* ECF No. 52 at 1–2, on July 1, 2022, Respondent filed a Rule 4(c) Report opposing Petitioner's right to

3

compensation, Resp't's Rule 4(c) Report, ECF No. 32. Following Respondent's Report, the Chief Special Master issued a Show Cause Order requiring Petitioner to submit supplemental material or briefing in order to avoid dismissal for insufficient evidence. O.S.C., ECF No. 33. Petitioner filed her response on October 31, 2022. Pet'r's Resp. to O.S.C., ECF No. 40. Due to factual disputes, the case was reassigned to the Chief Special Master. ECF No. 52 at 2; *see also* ECF No. 42. Respondent subsequently filed a Motion to Dismiss (ECF No. 49), which the Chief Special Master granted on October 15, 2024. *See* ECF No. 52. Petitioner did not appeal that decision.

On March 12, 2025, Petitioner filed a Motion for Attorney Fees and Costs. Pet'r's Mot. for Att'y's Fees and Costs, ECF No. 55. After finding that Petitioner lacked a reasonable basis for her compensation claim, the Chief Special Master denied her motion. *See* Dec. Den. Award of Att'y's Fees and Costs, ECF No. 58. Petitioner filed a Motion for Review of that decision on June 5, 2025, and Respondent filed a response on July 1, 2025. *See* Pet'r's Mot. for Review, ECF No. 60; Resp't's Resp. to Mot. for Review, ECF No. 62. The Motion for Review is now ripe for adjudication.

## II.  LEGAL STANDARD

### A.  This Court's Standard of Review

Under the Vaccine Act, this Court has jurisdiction to review a special master's decision upon the timely request of either party. 42 U.S.C. § 300aa-12(e)(2). A court deciding a motion for review may:

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

4

>  (C)  remand the petition to the special master for further action in accordance with the court's direction.

*Id.* § 300aa-12(e)(2)(A)–(C); *accord* Vaccine Rule 27(a)–(c).  The Court reviews factual findings under the arbitrary and capricious standard; discretionary rulings under the abuse of discretion standard; and conclusions of law under the "not in accordance with law" standard, which is de novo review.  *Munn v. Sec'y of the Dep't of Health & Hum. Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

The decision to grant or deny attorney's fees and costs is discretionary.  *See James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("[E]ven when [the statutory] requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees.").  Accordingly, the Court reviews the Chief Special Master's decision under an abuse of discretion standard.  *Chuisano v. United States*, 116 Fed. Cl. 276, 283–84 (2014).  "An abuse of discretion occurs if the decision is clearly unreasonable, arbitrary, or fanciful; is based on an erroneous conclusion of law; rests on clearly erroneous fact findings; or involves a record that contains no evidence on which [a special master] could base [his] decision."  *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1345 (Fed. Cir. 2020) (citing *In re Durance*, 891 F.3d 991, 1000 (Fed. Cir. 2018)).  A special master's failure to consider the objective evidence presented by the petitioner in support of a reasonable basis similarly constitutes an abuse of discretion.  *Id.*

When reviewing for an abuse of discretion, the Court owes the special master's fact-finding great deference.  *See Flores v. Sec'y of Health & Hum. Servs.*, 115 Fed. Cl. 157, 165 (2014), *aff'd*, 586 F. App'x 588 (Fed. Cir. 2014).  The Court must not "reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or the credibility of the witnesses."  *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d

1242, 1249 (Fed. Cir. 2011). In short, the Court does not "second guess" the special master's factual conclusions. *Cedillo v. Sec'y of Health & Hum. Servs.*, 617 F.3d 1328, 1338 (Fed. Cir. 2010) (quoting *Hodges v. Sec'y of the Dep't of Health & Hum. Servs.*, 9 F.3d 958, 961 (Fed. Cir. 1993)). This restraint is particularly important where, as here, the case involves a dispute over the medical evidence of causation. *Id.* It is the role of the special master, and not this Court, to examine the weight of the evidence and determine whether that evidence establishes a reasonable basis for the claim. *Cottingham*, 971 F.3d at 1347.

### B. The Reasonable Basis Standard

Under the Vaccine Act, an unsuccessful petitioner may nevertheless be awarded attorney's fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e)(1). In this case, Petitioner's good faith is not at issue. The only question before the Chief Special Master was whether Petitioner had a reasonable basis for her claim. *See* ECF No. 58 at 2–3 n.3.

The reasonable basis standard is "an objective test, satisfied through objective evidence." *Cottingham*, 971 F.3d at 1344 (citing *Simmons*, 875 F.3d at 635). Although the "burden of proof to establish reasonable basis for attorney fees . . . is lower than the preponderant evidence standard required to prove entitlement to compensation," it requires "more than a mere scintilla" of evidence. *Id.* at 1346. Accordingly, the petitioner must submit at least "some evidence" to support each element of the claim. *Chuisano*, 116 Fed. Cl. at 288; *see also Sheller v. Sec'y of Health & Hum. Servs.*, 121 F.4th 1301, 1306 (Fed. Cir. 2024) ("To establish entitlement to attorneys' fees pursuant to a Vaccine Act claim, a petitioner must have a reasonable basis to support each of the five statutorily required elements of the petition . . . ."). Beyond this broad definition, however,

6

the reasonable basis standard is largely undefined. *Wirtshafter v. Sec'y of Health & Hum. Servs.*, 155 Fed. Cl. 665, 672 (2021); *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 379 (2017).

### III.  DISCUSSION

Petitioner lays out four objections to the Chief Special Master's decision declining to award her attorney's fees and costs. According to Petitioner, the Chief Special Master: (1) applied a legally erroneous standard, ECF No. 60 at 5; (2) imposed a heightened evidentiary burden, *id.* at 7; (3) failed to evaluate whether a reasonable basis for her claim existed at the time of filing, *id.*; and (4) disregarded medical and affidavit evidence, *id.* All four objections fail. Therefore, the Court upholds the Chief Special Master's fee decision in full.

### A.    **The Chief Special Master Correctly Applied the Reasonable Basis Standard.**

Petitioner argues that the Chief Special Master misapplied the legal standard by "improperly dismiss[ing] objective evidence," including witness statements, an expert report, and the temporal connection between Petitioner's flu vaccine and her shoulder injury. *Id.* at 6. According to Petitioner, the Chief Special Master's "refusal to credit" this evidence "improperly elevated the evidentiary threshold and failed to consider the totality of the circumstances at the time of filing." *Id.* at 6–7.

Contrary to Petitioner's assertion, the Chief Special Master did not apply a legally erroneous standard. In a thorough summary, the Chief Special Master correctly explained the reasonable basis standard as set forth in the statute and further articulated in the relevant case law. ECF No. 58 at 2–3. He went on to consider and discuss the evidence presented by Petitioner, ultimately determining that Petitioner did not meet her burden of establishing a reasonable basis for her claim. *Id.* at 4–5. Contrary to her contention, in doing so, the Chief Special Master did not

7

dismiss Petitioner's witness statements and expert report. Instead, he specifically found that "Petitioner's witness[] statements . . . lack corroboration from the medical records and do not seek to rectify the inconsistencies regarding a pre-vaccination onset date." *Id.* at 4. Although the Chief Special Master did not give much weight to the witness statements, he expressly acknowledged them and explained why he did not find them credible. A special master's credibility evaluations "are virtually unchallengeable on appeal." *Lampe v. Sec'y of Health & Hum. Servs.*, 219 F.3d 1357, 1362 (Fed. Cir. 2000). This grant of discretion is appropriate considering the special masters' congressionally designated role and "accumulated expertise in the field." *Hodges*, 9 F.3d at 961. Accordingly, this Court defers to the Chief Special Master's determination that the witness statements lacked credibility and therefore failed to correct the deficiencies in Petitioner's claim.

As for Petitioner's expert report, it is true that the Chief Special Master did not explicitly refer to the report in the analysis section of his decision. However, special masters are not required to "discuss every item of evidence in the record." *Snyder v. Sec'y of the Dep't of Health & Hum. Servs.*, 36 Fed. Cl. 461, 466 (1996), *aff'd*, 117 F.3d 545 (Fed. Cir. 1997). Indeed, the Court "generally presume[s] that a special master considered the relevant record evidence even though he does not explicitly reference such evidence in his decision." *Moriarty v. Sec'y of Health & Hum. Servs.*, 844 F.3d 1322, 1328 (Fed. Cir. 2016) (citing *Hazlehurst v. Sec'y of Health & Hum. Servs.*, 604 F.3d 1343, 1352 (Fed. Cir. 2010)). This presumption may be overcome if the special master indicates otherwise, *id.*, but here, the Chief Special Master made no statement implying that he refused to consider the report. *See generally* ECF No. 58 at 4. Indeed, he referenced the expert report as a piece of evidence relied on by Petitioner to substantiate her fee request. *See id.* at 4 ("Petitioner maintains that her filed affidavits and expert report are additional pieces of evidence that provide ample and objective support for the decision to file and pursue the claim in

8

good faith."). Considering this, the Court will not overturn the Chief Special Master's decision based on Petitioner's assertion that he failed to consider her expert report.

Similarly, Petitioner's recital of her evidence does not convince this Court that the Chief Special Master erred in his analysis of her claim. As the Chief Special Master correctly stated, to establish a reasonable basis for a vaccine injury claim, at least some objective evidence must be furnished to support each element. *See id.* at 2–3. And here, the record "lacks objective evidence demonstrating that Petitioner's alleged shoulder injury occurred *after* vaccination—a critical element of any Program claim not alleging significant aggravation." *Id.* at 4 (emphasis in original) (noting record evidence of Petitioner's "history of pain" and her own testimony identifying a "symptom onset that preceded her vaccination" (quoting ECF No. 52 at 13)). Finding that Petitioner failed to produce credible evidence demonstrating causation does not "elevate[] the evidentiary threshold," as Petitioner argues. ECF No. 60 at 7. It merely maintains it, as Petitioner is required to produce some evidence of causation to establish a reasonable basis for her claim. *See Cottingham*, 971 F.3d at 1346 ("Because causation is a necessary element of a petition, [the petitioner] must point to evidence of a causal relationship between the administration of the vaccine and her injuries . . . .").

Petitioner references two cases—*James-Cornelius* and *Sheller*—to additionally argue that medical records and affidavit testimony may establish a reasonable basis even where inconsistencies exist. *See* ECF No. 60 at 6–7. In *James-Cornelius*, the Federal Circuit overturned a special master's decision denying attorney's fees and costs because the special master refused to consider affidavit testimony, incorrectly finding it to be "categorically not objective." 984 F.3d at 1380–81 (quotation omitted). Petitioner argues that the error in *James-Cornelius* was a failure to credit affidavit testimony "due to inconsistencies without sufficient justification and requiring

9

corroborating evidence beyond what is mandated by statute or precedent." ECF No. 60 at 6. That mischaracterizes the Federal Circuit's opinion. The Federal Circuit did not overturn the special master's decision because the Court disagreed with the special master's review of the petitioner's affidavits; the Court overturned the special master's decision because the special master failed to review the affidavits *at all*. *See James-Cornelius*, 984 F.3d at 1380. Here, the Chief Special Master did not refuse to consider Petitioner's witness testimony. Instead, he appropriately evaluated the witness statements and found they "lack[ed] corroboration" and failed to "rectify the inconsistencies" in the record. ECF No. 58 at 4. This evaluation may not be what Petitioner would prefer, but it is not legal error.

The second case Petitioner relies upon similarly fails to support Petitioner's argument.[1] In *Sheller*, the Federal Circuit reversed a special master's denial of attorney's fees and costs after finding that the special master failed to consider whether the petitioner's causation theory was reasonable at the time of filing. 121 F.4th at 1308. Here, the Chief Special Master considered Petitioner's attempt to explain the inconsistency in the record but found that Petitioner's explanation failed to outweigh the evidence that demonstrated a pre-vaccination onset of symptoms. ECF No. 58 at 4. This balancing of the evidence is squarely within the role of a special master, *see Cottingham*, 971 F.3d at 1347, and does not serve to "elevate[] the evidentiary threshold" beyond requiring a reasonable basis, ECF No. 60 at 6–7. Because the Chief Special

---

[1] The case Petitioner cites is *Sheller v. Secretary of Health & Human Services*, 2024 WL 1495476 (Fed. Cl. Spec. Mstr. Mar. 29, 2024). That citation is unconnected to any opinion this Court could find. The 2024 WL 1495476 Westlaw citation leads to a complaint filed in a Florida state court contract case. And while the Office of the Special Masters did adjudicate a case with the caption *Sheller v. Secretary of Health of Health & Human Services*, no opinion issued on March 29, 2024. *See generally* Ct. Docket, No. 18-696 (Fed. Cl. Spec. Mstr. May 17, 2018). Respondent presumed that Petitioner intended to reference the Federal Circuit's opinion in that case, *Sheller v. Secretary of Health & Human Services*, 121 F.4th 1301 (Fed. Cir. 2024). *See* ECF No. 62 at 10 n.3. This Court will do the same.

Master did not fail to consider the evidence presented, but instead found it to lack credibility and consistency, he did not abuse his discretion by misapplying the reasonable basis standard.

> B. **The Chief Special Master Did Not Impose a Heightened Evidentiary Burden on Petitioner.**

Petitioner's second objection is largely indistinguishable from her first. *Compare id.* at 6–7 ("The refusal to credit Petitioner's affidavits and expert report due to perceived inconsistencies *improperly elevated the evidentiary threshold* and failed to consider the totality of [the] circumstances at the time of filing." (emphasis added)) *with id.* at 7 ("The Special Master's disregard of these submissions *effectively imposed a heightened evidentiary burden* inconsistent with Vaccine Act precedent." (emphasis added)). For similar reasons, this argument also fails.

Petitioner argues that "the record contained 'more than a scintilla' of objective evidence," and thus she satisfied her evidentiary burden. *Id.* at 7 (capitalization removed). But "a petitioner does not automatically satisfy the reasonable basis standard by producing 'more than a mere scintilla' of evidence in support of a claim." *Cottingham v. Sec'y of Health & Hum. Servs.*, 159 Fed. Cl. 328, 333 (2022) (quoting *Cottingham*, 971 F.3d at 1346), *aff'd*, No. 2022-1737, 2023 WL 7545047 (Fed. Cir. Nov. 14, 2023). Instead, the special master retains discretion to require evidence that exceeds a mere scintilla but remains less than that required for a preponderance. *See id.* Although Petitioner no doubt believes her medical evidence and witness statements establish a reasonable basis for her claim, the Chief Special Master's contrary evaluation of the evidence did not serve to "impose[] a heightened evidentiary burden." ECF No. 60 at 7. The Chief Special Master was authorized to weigh the objective evidence when determining whether it established a reasonable basis for the claim. *Cottingham*, 971 F.3d at 1347.

In doing so here, the Chief Special Master did not "disregard" the evidence, as Petitioner claims. ECF No. 60 at 7. Rather, he reviewed the record and found that Petitioner lacked credible

11

evidence demonstrating the temporal relationship required for causation. *See* ECF No. 58 at 4 (discussing Petitioner's witness statements and Petitioner's argument that her history of chronic and debilitating migraines explains the inconsistencies in the timeline). Accordingly, the Chief Special Master did not abuse his discretion or fail to act in accordance with the law.

    **C.    The Chief Special Master Properly Evaluated the Viability of the Claim at the Time of Filing.**

Petitioner thirdly argues that the Chief Special Master "failed to evaluate the reasonable basis at the time of filing." ECF No. 60 at 7 (capitalization removed). Petitioner is correct that a special master must determine whether a reasonable basis existed at the time the petitioner filed her Vaccine Act claim. *See Sheller*, 121 F.4th at 1308. Here, however, the Chief Special Master did not fail to do so.

In his decision, the Chief Special Master found that "[Petitioner's] claim was objectively untenable *from the outset*." ECF No. 58 at 4 (emphasis added). According to the Chief Special Master, "this is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not." *Id.* (emphasis in original). As such, the Chief Special Master determined that the flaws in Petitioner's case were clear at the time of filing. *See id.*

When stating her objection, Petitioner does not point to any specific evidence or theory that the Chief Special Master failed to consider in the context of the time of filing. *See* ECF No. 60 at 7. Petitioner solely argues that "[t]he claim was not speculative or frivolous" because "Petitioner's counsel had gathered affidavits, reviewed records, and reasonably relied on evidence available when initiating the petition." *Id.* Efforts to compile evidence do not necessarily ensure that a claim is supported by a reasonable basis. The Chief Special Master was required to judge the evidence gathered by Petitioner and determine whether it was sufficient to establish a

12

reasonable basis at the time of filing. 42 U.S.C. § 300aa–15(e)(1). Because the Chief Special Master found Petitioner's claim to be "untenable from the outset," ECF No. 58 at 4, and Petitioner cites no specific evidence that the Chief Special Master failed to consider in the time-of-filing context, Petitioner's objection fails.

> **D.  The Chief Special Master Did Not Disregard Petitioner's Medical and Affidavit Evidence.**

For her final objection, Petitioner again argues that the Chief Special Master failed to acknowledge her medical and affidavit evidence. For the reasons explained above, this argument is unavailing. To the extent Petitioner challenges the Chief Special Master's evaluation of the evidence, *see, e.g.*, ECF No. 60 at 8 (arguing that the evidence "suffices to establish reasonable basis"); *id.* at 9 (stating that Petitioner's "affidavits strengthen the record . . . and fulfill the evidentiary threshold for reasonable basis"), this Court is required to afford great deference to the Chief Special Master. The role of this Court "is not to second guess the Special Master['s] fact-intensive conclusions; the standard of review is uniquely deferential for what is essentially a judicial process." *Hodges*, 9 F.3d at 961.

According to Petitioner, "Respondent's own Rule 4(c) Report contains factual admissions that reinforce the existence of a reasonable basis." ECF No. 60 at 7. As Respondent aptly argues, however, the Report's inclusion of the facts of the case says nothing about their ability to establish a reasonable basis. *See* ECF No. 62 at 12 ("In practice, the facts of the case are always included in respondent's Rule 4(c) Report to support his medical analysis and legal arguments."). Even if the facts listed in Respondent's Rule 4(c) Report were construed as "factual admissions," ECF No. 60 at 7, Respondent did not admit that they were sufficient to establish a reasonable basis. And regardless, whether the facts establish a reasonable basis is a conclusion left to the discretion of the Chief Special Master. *See* 42 U.S.C. § 300aa–15(e)(1). Petitioner may argue that Respondent's

13

"acknowledgment of the facts . . . demonstrates that the claim rested on objective, contemporaneous, and medically credible evidence at the time of filing," ECF No. 60 at 8, but the Chief Special Master remained free to disagree.

Upon review, this Court finds that the Chief Special Master properly examined the evidence before finding that Petitioner's claim lacked a reasonable basis. Petitioner's medical record documented complaints of bilateral shoulder pain prior to her receipt of the October 2017 flu vaccine. *See* ECF No. 6-3. And the first two times Petitioner reported shoulder pain post-vaccination, she said the pain began prior to her vaccination. ECF No. 6-5 at 16–17; ECF No. 6-2 at 3–4; *see also* ECF No. 52 at 14. Based on this timeline, the Chief Special Master found that Petitioner failed to provide "objective evidence demonstrating that Petitioner's alleged shoulder injury occurred *after* vaccination—a critical element of any [Vaccine Act] claim . . . ." ECF No. 58 at 4 (emphasis in original); *see also* ECF No. 52 at 14 ("Petitioner's self-described timeline, as detailed in the medical records, is confusing and inconsistent, and certainly does not support a finding that her symptoms began *after* the October 2017 vaccination." (emphasis in original)). The evidence relied on by the Chief Special Master is sufficient to assure this Court that the Chief Special Master did not abuse his discretion or act arbitrarily or capriciously when reviewing Petitioner's claim to determine whether it was supported by a reasonable basis. Accordingly, the Court will grant the Chief Special Master's conclusion the deference it is owed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Chief Special Master neither erred in his application of the law nor his assessment of the sufficiency of the evidence when finding that Petitioner failed to establish a reasonable basis for her Vaccine Act claim. Therefore, the Chief Special Master did not abuse his discretion by denying Petitioner's Motion for Attorney Fees and

Costs. Petitioner's Motion for Review (ECF No. 60) is accordingly **DENIED**. The Clerk of the Court shall enter judgment consistent with this Opinion.

    **SO ORDERED.**

Dated: October 20, 2025                                */s/ Kathryn C. Davis*
                                                                   KATHRYN C. DAVIS
                                                                   Judge